*Eisenberg v. Permanent Mission of Equatorial Guinea*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:
    JOHN M. WALKER, JR.,
    GUIDO CALABRESI,
    SUSAN L. CARNEY,
            *Circuit Judges.*
_____

LEONARD A. EISENBERG, CAROL A. EISENBERG,

    *Plaintiffs-Appellees*,

    v.                                                         No. 19-2685

PERMANENT MISSION OF EQUATORIAL GUINEA
    TO THE UNITED NATIONS,

    *Defendant-Appellant.*
_____

FOR APPELLANT:                      FRANCIS M. SSEKANDI,
                                    IPM Associates LLC, River Vale, NJ.

FOR APPELLEES:                      DAVID I. GRAUER, ESQ.,
                                    White Plains, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 30, 2019, is **AFFIRMED**.

This case arises out of a dispute between neighbors: Plaintiffs-Appellees Leonard and Carol Eisenberg ("the Eisenbergs") and Defendant-Appellant the Permanent Mission of Equatorial Guinea to the United Nations ("the Mission"). The parties agree that the Mission is a "foreign state" covered by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-11. Therefore, the district court has jurisdiction over the Eisenbergs' claims against the Mission only if those claims lie within an exception to immunity established by the FSIA. The district court ruled that it had jurisdiction; as permitted in these circumstances, the Mission brings an interlocutory appeal seeking reversal of the district court's ruling. *See Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.*, 204 F.3d 384, 387 (2d Cir. 2000) (collateral order doctrine allows sovereign's immediate appeal of order denying motion to dismiss under FSIA). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm and remand for further proceedings.

We review de novo a district court's conclusions of law regarding foreign sovereign immunity and subject matter jurisdiction under the FSIA; we review for clear error its findings of fact that bear on such jurisdiction. *City of New York v. Permanent Mission of India*, 446 F.3d 365, 368 & n.4 (2d Cir. 2006) ("*India I*"). Plaintiffs suing a foreign sovereign bear the initial burden of establishing that their claims fall within one or more of the FSIA's exceptions to immunity. *Id.* at 369. Foreign sovereigns, however, bear "the ultimate burden of persuasion on this [jurisdictional] question." *Id.*[1]

**1.** The FSIA provides that a foreign state is subject to the jurisdiction of a federal district court in any civil action in which "rights in immovable property situated in the

---

[1] Unless otherwise indicated, in quoting cases, this Order omits all internal citations, quotation marks, footnotes, emphases, and alterations.

United States are in issue." 28 U.S.C. § 1605(a)(4). Affirming our decision in *India I*, the Supreme Court emphasized that it is "plain" that claims arising out of or inhibiting "one of the quintessential rights of property ownership," such as the "right to convey" property, fall within this exception. *Permanent Mission of India v. City of New York*, 551 U.S. 193, 198-99 (2007) (*India II*). The immovable property exception "focuses . . . broadly on 'rights in' property," the Court instructed, and "does not expressly limit itself to cases in which the specific right at issue is title, ownership, or possession." *Id.* at 198 (quoting § 1605(a)(4)). We need not decide the exception's precise contours, however, because the Eisenbergs' claims implicate the same right in property that satisfied the immovable property exception in the *India* case: that is, the right to convey property.

The Eisenbergs brought this action for damages and declaratory and injunctive relief based on intrusions into their property caused by certain features of structures installed on the Mission's neighboring property: for example, a drainpipe extending and discharging groundwater onto the Eisenbergs' property; a barbeque station; and a "paver's patio." App'x 90 ¶ 21. They allege that these intrusions both effect trespasses on their land and create a cloud on their title, unlawfully burdening their right to sell their property. Thus, the Eisenbergs' claims arise out of alleged property trespasses by the Mission that call into question the possessory and other property rights of both parties. Consequently, and as the district court concluded, their complaint falls squarely within the FSIA's immovable property exception and the court has jurisdiction to adjudicate it. *See India II*, 551 U.S. at 198-99.

**2.** In the district court proceedings and now, on appeal, the Mission counters that under New York statutory law concerning exceptions to claims for adverse possession, its alleged trespasses work only "*de minimis*" intrusions. *See* N.Y. Real Prop. Acts. & Proc. § 543 ("§ 543") ("Adverse possession; how affected by acts across a boundary line."). Therefore, they argue, the trespasses that the Eisenbergs now allege do not put property rights "in issue" sufficiently to give the district court jurisdiction over the Mission under the immovable property exception established in § 1605(a)(4). Appellant's Br. 17-20.

We easily reject this argument. However courts applying New York law and § 543 in particular might treat the alleged trespasses, it cannot reasonably be denied that the nature of

3

the dispute is one involving immovable property; it concerns the boundaries of the adjoining plots owned by the Eisenbergs and the Mission and the Eisenbergs' ability to convey their property in the face of those encroachments. Whatever the ultimate merits of the Eisenbergs' complaint, its subject matter is enough to bring the suit within the FSIA's immovable property exception.

**3.** The Mission also urges that the district court erred in its factual findings that bear on jurisdiction, but we identify no error in the district court's analysis, let alone any clear error requiring reversal.

When deciding Rule 12(b)(1) challenges to complaints subject to the FSIA, a district court "must look at the substance of the allegations" to determine whether one of the Act's exceptions applies. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). In making that determination, the court may—but need not—review relevant evidence provided to it after the pleadings have been submitted; it must review such evidence, however, if "resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction [over the sovereign]." *Id.* at 140 n.6. Even so, only evidence that would be admissible at the summary judgment stage may be considered. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

The Mission submitted no admissible evidence tending to rebut the conclusion that the parties' dispute concerned rights in immovable property. Rather, to the extent it is even admissible, the evidence presented by the Mission—surveys, primarily—simply confirmed that the whole of the dispute involved the parties' relative rights in real property. No evidence was presented by the Mission that could have deprived the district court of jurisdiction. The district court thus properly exercised its discretion to decline to consider that evidence in making its jurisdictional findings of fact and rejecting the position advanced by the Mission that, primarily in light of actions it had taken with regard to the property, such rights were no longer in issue. The Mission's evidence and arguments went to the merits of the case, and not to the threshold question of the district court's jurisdiction over the matter.

4

**4.** We also reject the Mission's arguments that dismissal is required because the Eisenbergs' complaint is now moot. The Mission contends that the case no longer presents a live case or controversy both because of the *de minimis* rule stated in N.Y. Real Prop. Acts. & Proc. § 543, discussed above, and because it has removed some or all of the encroachments. But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

We see several such concrete interests here. First, the Mission's own submissions suggest that at least one of its alleged trespasses may persist, in that water may be draining onto the Eisenberg's property. App'x 147 ¶ 7. Second, the Eisenbergs' interest in obtaining a declaration to quiet title has not been extinguished by the Mission's actions. As a result, this case is far from moot, and the district court's determination that it has jurisdiction over the dispute is sound.

For the foregoing reasons, the order of the district court is **AFFIRMED** and the case is remanded for further proceedings.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5